BENJAMIN QUILLMAN HARDWARE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13259. Promulgated May 14, 1928.

*Harry J. Alker, Jr., Esq.*, and *C. J. Quillman*, for the petitioner.
*Le Roy L. Hight, Esq.*, and *J. M. Morawski, Esq.*, for the respondent.

SMITH: The respondent has determined deficiencies of $2,024.94 for the year 1920, and $1,987.71 for the year 1921. The errors assigned in the petition are as follows:

(1) The Commissioner has disallowed as a credit in the year 1920 the item " Gifts to relatives of stockholders $3,216.00 ";

(2) The Commissioner has disallowed as a credit in the year 1921 the item " Payments made for relatives of stockholders $156.00 "; and

(3) The Commissioner has disallowed as a credit in the year 1921 the item " Dividends received on building and loan association stock $7,250.00."

The petitioner contends that the amounts stated in assignments of error (1) and (2) were paid out as compensation for services, although they were erroneously entered in the corporation's books of account as gifts, and are, therefore, deductible. Upon the proof submitted the respondent has conceded the petitioner's contention in respect to both these items.

Relative to the third assignment of error there is but little to be found in the record before us. The respondent's computation for the year 1921, appearing in the deficiency letter, shows the addition to net income of an item " dividends received on building and loan stock $7,250.00 ". It is alleged in the petition that the taxible gain from the building and loan association stock was not $7,250 as determined by the respondent but $6,722.75. The respondent has conceded the correctness of the latter amount.

At the hearing before the Board, at which the petitioner was represented by its president, the contention was made that the amount received from the building and loan association was not in any case taxable income. Presumably the petitioner bases its claim upon section 234(a) (6) of the Revenue Act of 1921, which allows the deduction in certain instances of dividends from a domestic corporation. Practically the only facts which could be elicited from the petitioner's witnesses are that at some time prior to March 1, 1913, the petitioner acquired 75 shares of Series 38 and 50 shares of Series 39 of the stock of the Excelsior Saving Fund and Loan Association, a Pennsylvania building and loan association, which stock matured in 1921. There was no documentary evidence available from which any facts might be ascertained. We know nothing of the nature of the building and loan association or of the manner in which it conducted its business. We do not know under what agreement or under what circumstances the payment to the petitioner in 1921 was made. The petitioner's president himself was unable to give any helpful information in regard to these questions.

In the absence of competent proof that the Excelsior Saving Fund and Loan Association was a corporation such as is designated in section 234(a) (6) of the Revenue Act of 1921, and that it paid the amount in question to the petitioner as a " dividend " within the definition of a dividend given in section 201 of the Act, we are unable to determine the question of the deductibility of such amount and must, therefore, approve the respondent's determination in respect thereof.

*Judgment will be entered under Rule 50.*